UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deandre Moore, Jr., <br><br>    Plaintiff <br> v. <br><br> Overtime Sports, Inc., a domestic corporation, et al., <br><br>    Defendants | Case No. 2:24-cv-01103-JAD-BNW <br><br> **Order Denying Motion for Summary Judgment** <br><br> ECF No. 9 |

Deandre Moore, Jr. was a voluntary participant in a 7-on-7 football tournament at the All American Park in Las Vegas, Nevada in 2022 when he collided with some equipment placed near the end zone and suffered a collapsed lung. So he sues the event's organizer, Overtime Sports, Inc., under various negligence theories.[1] Overtime moves for summary judgment, arguing that the liability waiver Moore signed releases it from these claims and that he expressly assumed the risk of this injury.[2] But because Overtime fails to establish that it is entitled to judgment under the applicable law, I deny the motion and order the parties to a settlement conference with the magistrate judge.

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 9.

**Discussion**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] A defendant who moves for summary judgment based on an affirmative defense bears the burden of proving that "no reasonable jury could fail to find that the defense had been established."[4] When instead the defendant argues that the plaintiff cannot prove a claim, its burden is merely to point out the evidence showing the absence of a genuine material factual issue as to a single element because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[5] Regardless, the court must view all facts and draw all inferences in the light most favorable to the nonmoving plaintiff.[6]

It is elementary that the first step in determining whether a defendant has established its entitlement to summary judgment is to discern the standard that governs

---

[3] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

[4] *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir. 1997); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)) (noting that an affirmative defense is something "the defendant must plead and prove"). In *Turner v. Mandalay Sports Entertainment, LLC,*, 180 P.3d 1172, 1176 (Nev. 2008), the Nevada Supreme Court held that the question of whether primary assumption of risk bars a plaintiff's claim goes instead to the element of duty. Overtime doesn't analyze whether Moore's alleged assumption of the risk was primary or secondary under any law. But whether the doctrine is viewed as part of the duty element or an affirmative defense, the burden rests with Overtime to establish the elements of liability waiver or assumption of risk in order to obtain summary judgment based on Moore's Appearance Release.

[5] *Celotex Corp.*, 477 U.S. at 322.

[6] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

the plaintiff's claim or any applicable defense.  Overtime contends that the "Appearance Release" that Moore executed to participate in this football tournament in Las Vegas absolves it from liability because that document contains a liability waiver that releases Overtime from "all Claims arising from or in connection with" Moore's "participation in the Events," along with an express assumption of this risk.[7]  But that waiver contains a choice-of-law clause stating that "New York law governs this Appearance Release."[8]

To determine whether such a provision is enforceable, "[a] federal court sitting in diversity ordinarily must follow the choice-of-law rules of the state in which it sits."[9]  So here, Nevada's choice-of-law rules apply.  Overtime acknowledges these principles but argues that I need not conduct a choice-of-law analysis because there is no conflict of law.  "The result is the same under either New York or Nevada law," it contends: "consent . . . vitiates Overtime's duty of care."[10]

In reaching its conclusion that the laws have "no substantive difference,"[11] Overtime focuses on the wrong standards.  It cites to the general rule that a defendant cannot be held liable for an injury that the plaintiff consented to, a very broad tenet that Overtime claims is recognized by the laws of both Nevada and New York.[12]  But these

---

[7] ECF No. 9 (motion); ECF No. 9-1 (Appearance Release).

[8] ECF No. 9-1 at 4.

[9] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013) (cleaned up).

[10] ECF No. 9 at 3.

[11] *Id*.

[12] *Id*. at 3–4.

states have developed a body of law for the specific situation here: determining whether a liability waiver signed to participate in a voluntary sports activity is enforceable. Both states disfavor such clauses, so they have developed exacting standards that must be met before a defendant can be absolved of liability.[13] And while each recognizes that assumption of the risk is essentially a consent doctrine,[14] they also hold that liability waivers "will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased"[15] or if the risks are "inconsistent with the understandings and expectations of the parties at the time of signing."[16] Because these inquiries are heavily

---

[13] The standard adopted by the Nevada Supreme Court is a four-prong one, and the first prong requires such contracts to "be construed strictly since they are not favorite[s] of the law . . . ." *Agric. Aviation Eng'g Co. v. Bd. of Clark Cnty. Comm'rs*, 794 P.2d 710, 713 (Nev. 1990) (quoting and adopting standard from *Richard's 5 & 10 v. Brooks Harvey Realty INV*, 399 A.2d 1103 (Pa. Super. Ct. 1979)). "The injured party must [also] have assumed the risk of injury as set forth in *Renaud v. 200 Convention Center Ltd.*, [] 728 P.2d 445, 446 ([Nev.] 1986)." *Austin v. Sun Buggy Fun Rentals, Inc.*, 556 P.3d 980 (Nev. Ct. App. 2024) (unpub.). "It is a well settled proposition that if courts in [New York] generally enforce exculpatory provisions in a contract purporting to insulate a party from liability resulting from [its] own negligence, they do so only begrudgingly. Such provisions, disfavored by the law, are closely scrutinized and held to exacting standards." *Roane v. Greenwich Swim Comm.*, 330 F. Supp. 2d 306 (S.D. N.Y. 2004).

[14] *See Kuchta v. Sheltie Opco, LLC*, 466 P.3d 543, *4 (Nev. Ct. App. 2020) (unpub.) (quoting *Renaud*, 728 P.2d at 446 ("Assumption of the risk is based on a theory of consent.")); *accord*, *Braile v. Patchogue Medford Sch. Dist.*, 123 A.D.3d 960, 961, (N.Y.S. 2d 2014).

[15] *Ward v. Stewart*, 286 F. Supp.3d 321, 334 (N.D. N.Y. 2017) (quoting *Miskanic v. Roller Jam USA, Inc.*, 898 N.Y.S.2d 180, 181–82 (N.Y. App. Div. 2010)).

[16] *Kuchta*, 466 P.3d at *4 (quoting *Renaud*, 728 P.2d at 446). The question of which state's standard applies will need to be answered before this court can craft jury instructions in this case.

4

fact based, New York courts have noted that assumption of the risk is typically a question of fact that must be resolved by a jury.[17]

      Overtime's motion ignores this specific body of law and thus fails to show how Moore's Appearance Release entitles it to summary judgment as a matter of the applicable law.  Although Overtime ultimately tackles Nevada's more specific authority in its reply brief,[18] it fails to show without dispute that the risk encountered by the plaintiff here—a collapsed lung from colliding with equipment placed near the field of play—was inherent in this football tournament and consistent with the plaintiff's expectations.  Overtime offers news reports of football players who suffered a collapsed lung while playing football.[19]  Even if I were to credit those reports as evidence, they don't address the plaintiff's more narrow theory here that the equipment placement was unexpected and the risk of colliding with it was not something inherent in this game.  Moore's declaration that "[a]fter playing football for 14 years," he had "never seen or experienced a piece of equipment placed so close to the sideline or end zone of the playing field"[20] creates a genuine issue of fact that precludes me from finding that his specific manner of injury was inherent and thus assumed.[21]

---

[17] *See, e.g., Ward*, 286 F. Supp. 3d at 335 (citing *McGrath v. Shenendehowa Cent. Sch. Dist.*, 906 N.Y.S.2d 399, 401 (N.Y. App. Div. 2010)).

[18] ECF No. 19 (reply).

[19] *Id.* at 6–7.

[20] ECF No. 18-1 at 1 (Moore Decl.).

[21] *See Renaud*, 728 P.2d at 501 ("Because actual knowledge of the risks assumed is an essential element of this defense, such a matter must be reserved for the fact finder.").

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Overtime Sports, Inc.'s Motion for Summary Judgment **[ECF No. 9] is DENIED**. The parties are referred to the magistrate judge for a mandatory settlement conference, and the obligation to file a proposed joint pretrial order is stayed. Should this matter not be resolved at the settlement conference, the proposed joint pretrial order will be due 10 days after the settlement conference.

_____
U.S. District Judge Jennifer A. Dorsey
January 17, 2025